UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**RASHAD DONNELL HARRIS,**

**Petitioner,**

**v.**

**CRIMINAL ACTION NO. 2:17-cr-109**

**UNITED STATES OF AMERICA,**

**Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Rashad Donnell Harris's ("Petitioner") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 82, 103 ("Pet'r's Mot."). The Government opposed the motion. ECF No. 107 ("Resp. Opp'n"). Petitioner replied. ECF No. 110 ("Reply"). This matter is now ripe for judicial determination. For the reasons below, Petitioner's motion is **DISMISSED WITHOUT PREJUDICE.**

## I.   FACTUAL AND PROCEDURAL HISTORY

On July 18, 2017, Petitioner pled guilty on three counts of the Criminal Information, charging Petitioner with conspiracy to affect commerce by robbery of commercial institutions, affecting commerce by means of robbery of a commercial establishment, and brandishing a firearm in furtherance of a crime of violence. ECF Nos. 14, 15. According to his Presentence Report ("PSR"), Petitioner conspired with other individuals to conduct a series of armed robberies at commercial establishments and banks. ECF No. 20 ¶ 5. On November 27, 2017, the Court imposed a sentence of One Hundred Eighty (180) months imprisonment, followed by five years of supervised release. ECF No. 24. 28. Petitioner was also ordered to pay restitution in the amount of

1

$12,188.38 and special assessments of $100 for each count. *Id*. Petitioner is currently incarcerated at USP Victorville in California with a projected release date of May 12, 2030. Pet'r's Mot. at 3-4.

On October 16, 2025, Petitioner filed a *pro se* Motion for Compassionate Release. ECF No. 87. On March 5, 2026, Petitioner filed the motion through counsel ECF No. 103. On April 10, 2026, the Government responded in opposition. ECF No. 107. On April 27, 2026, Petitioner replied. ECF No. 110.

Petitioner requests a sentence reduction based on his exceptional rehabilitation efforts and his youth at the time of offense. Accordingly, Petitioner requests that the Court grant him compassionate release and allow him to begin a period of supervised release so he may continue to pay off his restitution. *Id*.

## II.    LEGAL STANDARD

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies.").

In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative

2

rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule and thus may be waived or forfeited if not timely raised. *Id.* at 129-30 (collecting cases from sister circuits holding the same).

## III.  DISCUSSION

The Court finds that it lacks the authority to rule on Petitioner's Motion because Petitioner has not satisfied the threshold requirement. Here, Petitioner alleges that he has submitted multiple requests for compassionate release to the wardens of the different facilities where he has been incarcerated. *See* Pet'r's Mot. However, he argues that, because of his relocations, he has been unable to retrieve any documentation to prove he made the requests. *Id.* As such, the Petitioner has not attached a copy of the request, and the Government argues that the BOP has no record of Petitioner's current request for compassionate release. Resp. Opp'n at 5. Petitioner admits he has failed to provide documentation to show that he has met the threshold requirement and requests the Court to consider his recent, frequent relocations in waiving the requirement. Reply at 2-3.

This Court has waived this administrative exhaustion requirement, in some cases, where "strict compliance with the [exhaustion] requirement would be futile under the circumstances." *Lowe v. United States*, No. 4:16-CR-31, 2025 WL 2988451 (E.D. Va. Oct. 23, 2025) (citing *United*

*States v. Muhammad*, 16 F.4th 126 (4th Cir. 2021)). However, in those cases, the petitioner is often able to provide the Court with some documentation, even if not completely comprehensive, to substantiate that Petitioner made an administration request and that request was denied. *Id.* Here, Petitioner is unable to provide any documentation of the three requests he proffers that he submitted. Reply at 3. While the Court does not intend to be overly formalistic, the Court cannot bypass this exhaustion requirement without some evidence that an attempt has been made or a denial has been issued. *See Muhammed*, 16 F.4th at 129 (discussing threshold requirement which "plainly requires [the defendant] to complete certain steps before filing his motion in the district court...."). Additionally, as Petitioner asks the Court to consider the changes in his behaviors and efforts while incarcerated since his last compassionate release motion, the Court finds it necessary to confirm that the Bureau of Prisons has reviewed Petitioner's updated request.

Accordingly, Petitioner must provide proof from the BOP that he submitted a request for compassionate release at least 30 days before filing for relief in the U.S. District Court. See *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021); *see also United States v. Wilson*, No. 21-7061, 2021 WL 6116837, at *1 (4th Cir. Dec. 27, 2021) (finding the defendant failed to provide "objective evidence to establish his satisfaction of the statutory threshold requirement"). The Court finds no reason to waive the exhaustion requirements since Petitioner had, and still has, ample time to properly comply with § 3582(c)(1)(A). *See United States v. Marshall*, 2020 U.S. App. LEXIS 36134 at *5 (4th Cir. 2020) ("The requirements outlined in § 3582 (c)(1)(A) are mandatory, non-jurisdictional claim-processing rules that must be followed."); *see also Muhammed*, 16 F.4th at 131. Therefore, the Court does not yet have the authority to consider Petitioner's compassionate release request because he has not exhausted his administrative remedies.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's Motion for Compassionate Release is **DISMISSED**

**WITHOUT PREJUDICE**. ECF No. 103. Petitioner may renew his request for compassionate

release once he exhausts his administrative remedies.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States

Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States

Marshals Service.

**IT IS SO ORDERED**.

Norfolk, Virginia
July  , 2026

Raymond A. Jackson
United States District Judge

5